UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 10-72-KSF
(CIVIL ACTION NO. 11-7176-KSF)

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                               **OPINION & ORDER**

MILTON ORR KENNEY                                          DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, Milton Orr Kenney, to reconsider the Court's previous denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence [DE #189].

In his motion to reconsider, Defendant continues to argue that he is entitled to a reduction in sentence pursuant to the 2011 retroactive amendments to the sentencing guidelines related to crack cocaine. However, as the Court explained previously, Defendant's Total Offense Level and the applicable guideline range for imprisonment are not affected by the amendments contained in the 2011 Guidelines Manual relating to cocaine base because Defendant's sentence was based on his status as a Career Offender within the meaning of U.S.S.G. §4B1.1. Defendant's argument that his sentenced was not controlled by the Career Offender guidelines but was instead controlled by the crack cocaine guidelines is incorrect. While the Sentencing Commission has lowered sentencing ranges pursuant to U.S.S.G. §2D1.1 for offenses involving crack cocaine, it has not lowered the sentencing ranges pursuant to U.S.S.G. §4B1.1 for Career Offenders. Thus, Defendant is not entitled to further reduction of his sentence pursuant to said amendments.

Defendant also argues that this Court incorrectly classified him as a career offender for purposes of his sentence. Specifically, Defendant argues that he is not a career offender because: 1) an offense with which he was previously convicted and that was used by the Court to determine he is a career offender, unlawful imprisonment, is not a violent crime; and 2) the prior convictions used to determine his career offender status, unlawful imprisonment and trafficking in a controlled substance (cocaine), were imposed 10 and 15 years prior to the commencement of the instant offense, and the latter conviction was reversed. Essentially, Defendant argues that, if not for his improper classification, he would be eligible for a reduction in his sentence due to the 2011 amendments to the sentencing guidelines related to crack cocaine.

However, in ruling on Defendant's motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #149], this Court has already considered and rejected Defendant's arguments that he was improperly classified as a career offender. As more fully explained in the Court's Order on Defendant's § 2255 motion [DE #213], Defendant's arguments that he was improperly classified as a career offender were rejected because: 1) Defendant's claims regarding his career offender status are barred by *United States v. Frady*, 456 U.S. 152, 167-68 (1982) because he failed to raise these issues on direct appeal; 2) contrary to Defendant's argument, unlawful imprisonment in the first degree, as defined by KRS § 509.020, is a crime of violence under the "categorical" approach that must be applied by the Court in determining whether Defendant's prior conviction is a violent felony, *Taylor v. United States*, 495 U.S. 575 (1990); *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995); and 3) this Court properly used Defendant's prior 1989 conviction for trafficking in a controlled substance and 1999 conviction for unlawful imprisonment in determining Defendant's career offender status, as: a) he was sentenced and served time on these

2

felonies well within the fifteen-year time period provided by U.S.S.G. § 4A1.2(e), *United States v. Robertson*, 260 F.3d 500, 510-511 (6th Cir. 2001); and b) although Defendant's sentence for his 1989 conviction for trafficking in a controlled substance was modified, the conviction itself was never reversed or vacated. Thus, for these reasons, as well as those more fully explained in this Court's Opinion and Order [DE #213] and the Magistrate Judge's Report and Recommendations [DE #190] denying Defendant's § 2255 motion, Defendant was properly classified as a career offender.

Accordingly, **IT IS ORDERED** that Defendant's motion to reconsider the Court's order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [DE #189] is **DENIED**.

This June 26, 2012.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**